```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

JUAN B. PEREZ-SANCHEZ, et al.,

**Plaintiffs**

v.

PUBLIC BUILDING AUTHORITY, et al.,

**Defendants**

**CIVIL NO.** 05-1396(FAB)

**AMENDED MEMORANDUM AND ORDER**

Plaintiffs Juan B. Perez Sanchez, Rosa Vega Padro, their conjugal partnership, and their daughter, Valerie Perez Vega, brought suit against the Public Building Authority ("PBA"); Lilliam Rivera Correa, in her personal and official capacity as Executive Director or the PBA; Angel Santiago Bade, in his personal and official capacity as PBA's Caguas Regional Director; Dextel Passalaqua, in his personal and official capacity as PBA's Caguas Regional Director; Gerardo Suarez Roman, in his personal and official capacity as PBA's Labor Relations Director; Fernando Rodriguez Fernandez, in his personal and official capacity as PBA's Caguas and Humacao Regional Security Director; and an unnamed insurance company. Plaintiffs allege violations of Perez Sanchez's rights under the First and Fourteenth Amendment of the United States Constitution and Article 1802 of the Civil Code, P.R. Laws Ann. tit. 31 § 5141. (Docket No. 16)

On February 22, 2006, plaintiffs filed an amended complaint alleging that defendants Lilliam Rivera Correa, Leila Hernandez Umpierre, Angel Torres Garau and Sandra Marrero Reyes conspired against Pérez Sanchez for reason of his political affiliation in violation of 42 U.S.C. § 1983.

On November 17, 2006 defendants Lillian Rivera Correa, Angel Santiago Bade, Gerardo Suarez Roman and Fernando Rodriguez Fernandez, in their personal capacity, moved to dismiss plaintiffs' claims against them for lack of personal jurisdiction, alleging that they have not been personally served with the summons and complaint in this case (Docket No. 60). On December 8, 2006 plaintiffs opposed defendants' request (Docket No. 68).[1] For the reasons discussed below, the Court **GRANTS** defendants' Special Appearance Requesting Dismissal Pursuant to FRCP 4(m).

## PROCEDURAL BACKGROUND

After the complaint was filed in this case on April 13, 2005, the summons addressed to the appearing defendants, both in their personal and official capacities, were served on April 28, 2005 upon counsel Sonia M. Serrano Rivera, PBA's Legal Services Director.

On November 17, 2007, after the 120 days provided by Fed.R.Civ.P. 4(m), all the defendants in their personal capacities,

---

[1] Process was served personally upon Dextel Passalaqua.

Civil No. 05-1396 (FAB)                                                   3

with the exception of Dextel Passalaqua, filed a "Special Appearance Requesting the Dismissal Pursuant to FRCP 4(m)" (Docket No. 60). In essence, defendants argue that Ms. Serrano Rivera was not an agent authorized by appointment or by law to receive service of process on behalf of them in their **personal capacities**. Therefore, plaintiffs' claim against them in their personal capacities shall be dismissed.

> Rule 4(e) of the Fed.R.Civ.P. provides in pertinent part:
>
> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed,...may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located,...; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house of usual place of abode with some person of suitable age and discretion them residing therein or by delivering copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process

Pursuant to Rule 4(m) of the Fed.R.Civ.P., if the service is not made upon defendant within 120 days after the filing of the complaint, the court shall dismiss the action without prejudice as to that defendant.

It is well established that individuals may not be served by merely leaving the complaint and summons at their place of business, unless an agent receives the documents, as provided by Rule 4(e)(2). Babb v. Bridgestone/Firestone 861 F.Supp.50, 51 (M.D. Tenn. 1993). See also, Charles Alan Wright, et al., Federal Practice and

Civil No. 05-1396 (FAB)                                                   4

Procedure, §1096 (2d Ed. 1986) ("...service if the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)").

In this case, Plaintiffs attempted to serve defendants on April 28, 2006. Copies of the summons and complaints were left with Ms. Serrano Rivera, who was PBA's Legal Services Director when the service was made. Ms. Serrano Rivera had been authorized to accept service of complaints upon defendants in their official capacity (Docket No. 60). She was not, however, authorized to receive service on behalf of defendants personally; certainly the office at which the papers were left was not defendants' dwelling house or usual place of abode as required by Fed.R.Civ.P. 4(e)(2).

Plaintiffs argue that Ms. Serrano Rivera misled their process server, Francisco Gonzalez Aldarondo, when she informed him that she could received defendants' summonses, because Mr. Gonzalez Aldarondo understood that it was both in their individual and personal capacities. (Docket No. 68) In addition, defendants contend that if Mr. Serrano Rivera was not an agent by appointment or by law to receive service of process on behalf of the defendants in their personal capacities, "she should have indicated so to the process server, refusing to accept the summons". Id. That argument is, however, without merit inasmuch as "it is a plaintiff's responsibility to establish personal jurisdiction, and the plaintiff must ensure that service is properly effectuated by remedying any

<u>Civil No. 05-1396 (FAB)</u>                                                              5

known defect in service." <u>See</u> <u>Reuber v. United States</u>, 750 F.2d 1039, 1049 (D.C. Cir. 1984), *abrogated on other grounds* by <u>Kauffman v. Anglo American School of Sophia</u>, 28 F.3d 1223 (D.C. Cir. 1994); <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987).

To date, plaintiffs have not demonstrated that these defendants have been served in their individual capacities as required by Rule 4(e).  Accordingly, plaintiffs' claims against defendants in their individual capacities will be **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**

San Juan, Puerto Rico, this 16th day of February, 2007.

<u>s/Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE